# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-1712V**

|  |  |
|---|---|
| HEATHER J. GARDNER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 24, 2026 |

*Ramon Rodriguez, III, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 22, 2024, Heather J. Gardner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on November 19, 2021. Petition, ECF No. 1. On April 24, 2025, I issued a ruling on entitlement finding

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner entitled to compensation. ECF No. 22. On January 7, 2026, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 43.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $50,020.05 (representing $26,477.55 in fees and costs incurred by Petitioner's counsel of record, Ramon Rodriguez, III, at Siri & Glimstad, LLP, plus $23,542.50 in fees and costs incurred by Petitioner's former counsel Ramon Rodriguez, III, at Sands Anderson, P.C.). Petition for Reimbursement of Attorneys' Fees and Costs ("Motion") filed April 3, 2026, ECF No. 48. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 48-1 at 2.

Respondent reacted to the motion on April 21, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 50. On April 23, 2026, Petitioner filed reply to Respondent's response requesting that the amount of fees and costs in the Motion be awarded. ECF No. 51.

I have reviewed the billing records submitted with Petitioner's request. The attorney rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner also requests the hourly rate of $592.00 for 2026 work performed by attorney Ramon Rodriguez, III, representing a rate increase of $45.00 from the previous year.  I find the requested rate increase to be reasonable and it is hereby awarded herein.

Petitioner has provided supporting documentation for all claimed costs. ECF No. 48-2 at 2-19 and 48-4 at 2-17. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $50,020.05 as follows:**

**A lump sum of $26,477.55 (representing reimbursement for $25,729.90 in attorney's fees and $747.65 in costs) to be paid through an ACH deposit to Petitioner's counsel of record, Ramon Rodriguez, III, at Siri & Glimstad, LLP, IOLTA account for prompt disbursement; and**

2

**A lump sum of $23,542.50 (representing reimbursement for $22,591.40 in attorney's fees and $951.10 in costs) to be paid through an ACH deposit to Petitioner's former counsel, Ramon Rodriguez, III, at Sands Anderson, P.C., IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.